UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES E. FOSTER,

    Plaintiff,

v.                                          CASE NO. 6:11-cv-158-Orl-28DAB

SUSAN JETER., *et al.*,

    Defendants.

_____

## ORDER

Petitioner initiated this action pursuant to 42 U.S.C. § 1983 (Doc. No. 3). This case is before the Court on Defendant Armor Correctional Health Care, Inc.'s Motion to Dismiss (Doc. No. 22). Plaintiff has filed a response to the motion (Doc. No. 24).

Defendant argues that the complaint fails to set forth a claim upon which relief can be granted because Plaintiff has failed to comply with Federal Rule of Civil Procedure 8 (Doc. No. 22 at 2-3). Defendant states that Plaintiff has failed to allege a violation of any specific constitutional right and therefore has not stated a claim for relief pursuant to 42 U.S.C. § 1983. *Id.* Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must contain a short, plain statement of the grounds of the court's jurisdiction, a short, plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). Plaintiff alleges that on August 2, 2010, he suffered from excessive smoke inhalation due to a fire at the Brevard County Jail (Doc. No.

3 at 9). Plaintiff states that once he was removed from his pod he did not receive medical attention. *Id.* Plaintiff contends that he now suffers from shortness of breath, dizzy spells, fainting, vertigo, and sever headaches due to the smoke inhalation. *Id.* at 9-10. Plaintiff notes that he did finally see a nurse, who indicated that he should be placed on an oxygen machine. *Id.* Plaintiff does not state what constitutional rights were violated. *Id.* at 8.

The United States Supreme Court set forth the standard for prison medical care in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976): "deliberate indifference to [the] serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment."[1] As recognized by the Eleventh Circuit Court of Appeals, to demonstrate deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "First, a plaintiff must set forth evidence of an objectively serious medical need. Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* (citations omitted). To establish the requisite deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

---

[1] If Petitioner is a pre-trial detainee then the claim must be analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).

"'Deliberate indifference' can include 'the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problems, and the delay is medically unjustified.'" *Harper v. Lawrence County, Ala.*, 592 F.3d 1227, 1235 (11th Cir. 2010) (quoting *Taylor v. Adams*, 221 F.3d 1254, 1259-60 (11th Cir. 2000)).

Plaintiff's allegations do not sufficiently set forth a claim of deliberate indifference to medical care, as Plaintiff merely states that he suffers from injuries due to smoke inhalation. Plaintiff does not allege any facts to support a claim that a prison official acted with deliberate indifference in denying him medical care. The Court will grant Defendant's motion to dismiss in part and will allow Plaintiff to submit an **amended complaint**.

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff to merely list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208

3

(5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions or omissions of the defendant(s)).

In addition, Plaintiff should be aware that 42 U.S.C. § 1997e(a) and (e) contain several conditions that a prisoner must satisfy before pursuing a civil rights complaint. Specifically, under subsection (a), Plaintiff must fully exhaust all available administrative duties before pursuing a civil rights complaint concerning prison conditions. Subsection (e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody. Plaintiff must comply with the requirements of these subsections.

To amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original complaint. After completing the new form, Plaintiff should mail it to the Court with a <u>copy for each defendant</u>.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Armor Correctional Health Care, Inc.'s Motion to Dismiss (Doc. No. 22) is **GRANTED** in part and **DENIED** in part. Plaintiff shall file an amended complaint as described above within **TWENTY-ONE (21) DAYS** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice.**

2. Defendant Susan Jeter's Motion to Dismiss (Doc. No. 27) is **DENIED** without prejudice.

**DONE AND ORDERED** in Orlando, Florida, this 6 day of October, 2011.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 10/3
James E. Foster
Counsel of Record