UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES E. FOSTER,

    Plaintiff,

v.                                        CASE NO. 6:11-cv-158-Orl-28DAB

SUSAN JETER., *et al.*,

    Defendants.

## ORDER

Petitioner initiated this action pursuant to 42 U.S.C. § 1983 (Doc. No. 3). This case is before the Court on Susan Jeter's Motion to Dismiss (Doc. No. 33), Defendant Armor Correctional Health Care, Inc.'s ("ACHC") Motion to Dismiss (Doc. No. 34), and Plaintiff's "Motion Not to Dismiss" (Doc. No. 37).

On October 6, 2011, this Court grant in part Defendant ACHC's Motion to Dismiss and ordered Plaintiff to file an amended complaint that sufficiently alleged a claim of deliberate indifference to medical care and included all of the claims he intended to raise in the instant action (Doc. No. 30 at 2-4). The Court noted that Plaintiff's amended complaint should not refer back to the original complaint. *Id.* at 4. On October 27, 2011, Plaintiff filed an amended complaint raising only claims related to his medical care (Doc. No. 31).

Defendant Jeter argues in her Motion to Dismiss that the amended complaint contains no allegations regarding her involvement in the case (Doc. No. 33 at 1-2). Moreover, Defendant Jeter notes that Plaintiff has failed to show that he exhausted his administrative remedies. *Id.* at 2. Finally, Defendant Jeter asserts that Plaintiff has failed to demonstrate that to the extent he raises a state law claim of medical malpractice that he has complied with the pre-suit notice requirements set forth in Chapter 766 of the Florida Statutes. *Id.* Defendant ACHC argues, similar to Defendant Jeter, that Plaintiff has failed to allege whether he complied with the statutory presuit notice requirements pursuant to Chapter 766 and has failed to demonstrate that he exhausted his administrative remedies (Doc. No. 34 at 2).

Plaintiff opposes the motions to dismiss and argues that his amended complaint does not contain all of the facts and allegations that he wishes to raise (Doc. No. 37 at 1-2). Plaintiff alleges that he only amended his complaint with regard to the medical claims and argues his original complaint stated a viable claim against Defendant Jeter. *Id.* at 3. Plaintiff also contends that he is not required to exhaust his administrative remedies and that he is not alleging a state law claim under Chapter 766 of the Florida Statutes. *Id.* at 3-5.

Although Plaintiff was advised that his amended complaint should contain all of his claims, in an abundance of caution due to Plaintiff's pro se status, the Court will allow Plaintiff to file a second amended complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*pro se* pleadings are held to a less stringent standard than those drafted by an attorney); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). However, in amending, Plaintiff should be

aware that he must satisfy 42 U.S.C. § 1997e(e) before pursuing a civil rights complaint. Contrary to Plaintiff's arguments Supreme Court of the United States has held that § 1997e requires "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), meaning that "a prisoner must exhaust all prescribed administrative remedies available to him . . . before filing a lawsuit to seek judicial redress." *Garcia v. Glover*, 197 F. App'x 866, 868 (11th Cir. 2006). The Supreme Court has repeatedly held that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

Moreover, the Court notes that to amend his complaint, Plaintiff should completely fill out a new civil rights complaint form, marking it **Second Amended Complaint**. The Second Amended Complaint must include **ALL** of Plaintiff's claims in this action; it should not refer back to the original complaint. The Court will not look back to the previous complaints or responses to ascertain Plaintiff's claims or arguments. Plaintiff should also mail a copy of his Second Amended Complaint to counsel for each Defendant, and should include a certificate stating the date that an accurate copy of the pleading was mailed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Jeter's Motion to Dismiss (Doc. No. 33) is **GRANTED** in part and **DENIED** in part. Plaintiff shall file a second amended complaint as described above within **FOURTEEN (14) DAYS** from the date of this Order. **Plaintiff is advised that failure to fully comply with this Order will result in the dismissal of this action without further notice.**

2. Defendant Armor Correctional Health Care, Inc.'s Motion to Dismiss (Doc. No. 34) is **DENIED** without prejudice.

3. Plaintiff's Motion Not to Dismiss (Doc. No. 37) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this __7__ day of March, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 3/6
James E. Foster
Counsel of Record