UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES E. FOSTER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 6:11-cv-158-Orl-28DAB

SUSAN JETER, et al.,

    Defendant.

## ORDER

This case is before the Court on Defendants Susan Jeter and Armor Correctional Health Care, Inc.'s Motions to Dismiss (Doc. Nos. 40 & 41). Plaintiff has filed responses in opposition to the Motions to Dismiss (Doc. Nos. 43 & 44).

### I. Background

Plaintiff, a prisoner in the State of Florida proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Susan Jeter ("Jeter"), Commander of the Brevard County Jail ("Jail"), and Armor Correctional Health Care, Inc. ("Armor Health"), a provider of medical care at the Jail (Doc. No. 1).[1] Plaintiff's second amended complaint pertains to a fire that occurred at the Jail on August 2, 2010 (Doc. No. 39 at 8). Plaintiff

---

[1] Armor Health, a private entity, is properly considered state actor pursuant to § 1983 because it performs "a function which is traditionally the exclusive prerogative of the state . . . ." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see also Craig v. Floyd County*, 643 F.3d 1306, 1310 (11th Cir. 2011) (holding "'when a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state' and 'becomes the functional equivalent of the municipality.'") (quoting *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997)).

states that a fire started on the roof of the E pod and smoke began to pour into the cells through the air conditioning vents. *Id.* Plaintiff and the other inmates on his cell block were locked in their cells for thirty minutes before Jail officers removed them from the cells to E pod, which was also filled with smoke. *Id.* The prisoners remained in the day room for approximately ten to fifteen minutes, after which they were moved to a different pod. *Id.* at 8-9.

Plaintiff complains smoke inhalation caused damage to his lungs and he must now use a ventilator on a daily basis. *Id.* at 9. Plaintiff requested medical attention on August 2, 2010, after being removed from the E pod, but he did not receive medical treatment until September 23, 2010. *Id.* Plaintiff still experiences breathing problems and dizziness due to the smoke inhalation and the failure of Defendants to provide him prompt medical care. *Id.* Plaintiff alleges that Armor Health violated his Eighth and Fourteenth Amendment rights by denying him medical care and that Jeter is liable due to her failure to train.[2] *Id.* at 7.

## II.  *Standard of Review*

When considering a motion to dismiss pursuant to Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

---

[2] Plaintiff does not allege an Eighth Amendment violation against the Jail employees for failure to remove him from his cell or the day room in a prompt manner.

A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

In order to survive a motion to dismiss, a complaint "does not need detailed factual allegations," but must include "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

Dismissal is also warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of the plaintiff's complaint, there remains a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). In the case of a *pro se* action, the Court should

construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III. Discussion

Defendants Jeter and Armor Health have moved to dismiss Plaintiff's second amended complaint. Defendants argue that Plaintiff has failed to exhaust his administrative remedies and comply with pre-suit notice requirement of section 766.106, Florida Statutes. Additionally, Defendant Jeter alleges that Plaintiff has failed to state a viable claim against her in both her individual capacity and official capacity.

### A. Exhaustion of Administrative Remedies

Defendants assert that Plaintiff has not satisfied the exhaustion requirements of the Prison Litigation Reform Act (Doc. No. 40 at 5-6; Doc. No. 41 at 4). Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before pursuing a civil rights action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The Supreme Court has repeatedly held that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

Plaintiff attached two grievances to his complaint, which were filed on August 10, 2010, and August 17, 2010 (Doc. No. 39-1). In those grievances, Plaintiff complains that he

4

had not been given adequate medical treatment for his shortness of breath, aching lungs, dizziness, head pain, and itchy eyes and ears. *Id.* Plaintiff appealed the denial of one grievance. *Id.* Defendants bear the burden of proving Plaintiff has failed to exhaust his available administrative remedies. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Although the Court is permitted to hear evidence outside of the record on the exhaustion of administrative remedies issue, Defendants have presented no evidence to dispute Plaintiff's assertion that he properly exhausted his claims. *See Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (an exhaustion defense is properly raised in a motion to dismiss; however, because the motion to dismiss is based on an issue not enumerated under Federal Rule of Civil Procedure 12(b), Rule 43(c) "permits courts to hear evidence outside of the record on affidavits submitted by the parties."); *Tillery v. Tran*, No. 6:09-cv-951-Orl-35KRS, 2010 WL 1838062, at *2 (M.D. Fla. May 4, 2010). Accordingly, at this stage in the litigation, the Court concludes that Plaintiff appears to have exhausted his administrative remedies. Therefore, the Court declines to dismiss Plaintiff's second amended complaint on this basis.

B.  *Failure to Comply with Pre-Suit Notice Requirements*

Defendants next argue the second amended complaint is subject to dismissal because Plaintiff did not comply with the pre-suit notice requirements of sections 766.106(2)(a) and 766.203(2), Florida Statutes, before he filed his medical malpractice claim

(Doc. No. 40 at 7-8; Doc. No. 41 at 3).³ Although Defendants characterize Plaintiff's claim as a state law medical malpractice claim, Plaintiff does not argue that Defendants breached their duty of medical care pursuant to Florida law. *See Lambert v. United States*, 198 F. App'x 835, 838 (11th Cir. 2006) (to raise a state law claim for medical malpractice, a plaintiff must allege that a defendant owed the plaintiff a duty of medical care, that the defendant breached that duty, and the breach caused the plaintiff to suffer damages). Instead, Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated when Defendants were deliberately indifferent to his medical care. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (deliberate indifference is proved by establishing a subjective knowledge of a risk of serious harm and a disregard of that risk by conduct that is more than mere negligence) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

Federal courts have held that plaintiffs are not required to comply with the pre-suit notice requirement contained in sections 766.106 and 766.203, Florida Statutes, when they raise an Eighth Amendment claim of deliberate indifference to medical care. *See Johnson v. McNeil*, 278 F. App'x 866, 869-70 (11th Cir. 2008) (affirming the federal district court where it dismissed the plaintiff's state law medical negligence claim for failure to file pre-suit notice but allowed the plaintiff's Eighth Amendment deliberate indifference to medical care claim to proceed to summary judgment); *Hatten v. O'Drain*, No. 2:05-cv-6-FTM-34DNF,

---

³Sections 766.106(2)(a) and 766.203(2) require a plaintiff to complete certain tasks, including sending the defendants a notice of intent to sue, before filing a state law claim for personal injury arising from medical malpractice. *See Fla. Hosp. Waterman v. Stoll*, 855 So. 2d 271, 276 (Fla. 5th DCA 2003) ("compliance with the presuit notice requirements is a condition precedent to filing a medical malpractice action.").

2008 WL 594769, at *5-7 (M.D. Fla. Mar. 4, 2008) (rejecting the defendant's argument that the plaintiff's complaint was subject to dismissal due to his failure to provide pre-suit notice pursuant to section 766.106(2) because the plaintiff had raised an Eighth Amendment claim of deliberate indifference to medical care and not a state law claim of medical negligence). Plaintiff, therefore, was not required to comply with sections 766.106 and 866.203 prior to filing the instant action. Accordingly, Defendants are not entitled to dismissal of the second amended complaint on this ground.

C.  *Individual and Official Capacity Claims Against Defendant Jeter*

Defendant Jeter, Commander of the Brevard County Jail, argues that Plaintiff has failed to state a claim for relief to the extent Plaintiff has sued her in her individual and official capacity (Doc. No. 40 at 3).

A supervisor is not vicariously liable pursuant to § 1983 for the acts of her subordinates. *Doe v. School Bd. of Broward County*, 604 F.3d 1248, 1266 (11th Cir. 2010). Rather, a plaintiff must show that the supervisor personally participated in the alleged constitutional violation or there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," or "when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully and failed to stop

7

them from doing so." *Id.* (citations and internal quotation marks omitted).

Additionally, when a plaintiff brings an action against a public official in her official capacity, the suit is against the office that official represents, and not the official herself. *See Bruce v. Beary*, 498 F.3d 1232, 1249 n.33 (11th Cir. 2007) (citing *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995). If a county employee "violates another's constitutional rights," the county may be liable "if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1170 (11th Cir. 2009) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 123 (1992)).

Plaintiff has not alleged that Defendant Jeter personally participated in the constitutional violations of failing to provide adequate medical care. Plaintiff summarily states that Defendant Jeter failed to properly train the Jail employees but does not allege how the failure to train caused any constitutional violation. There is no causal connection between Defendant Jeter's actions and Armor Health Care's alleged deliberate indifference to Plaintiff's medical care. *See Cooper v. City of Starke*, No. 3:10-cv-280-J-34MCR, 2011 WL 1100142, at *5-*6 (M.D. Fla. Mar. 23, 2011) (dismissing plaintiffs' claims against the City's former police chief because plaintiffs failed to identify any specific deficiency in defendant's training that amounted to deliberate indifference); *Woodburn v. State of Fla. Dep't of Children and Family Servs.*, No. 09-20981-CIV, 2011 WL 7661425, at *11 (S.D. Fla. Dec. 1, 2011) (dismissing individual and official capacity claims because the plaintiff's conclusory allegations that the defendants failed to properly train caseworkers did not causally connect the defendants' actions to the constitutional deprivations). Thus,

8

Defendant Jeter is entitled to dismissal of the claims against her.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Jeter's Motion to Dismiss (Doc. No. 40) is **GRANTED**. Defendant Jeter is **DISMISSED** from this action.

2. Defendant Armor Correctional Health Care, Inc.'s Motion to Dismiss (Doc. No. 41) is **DENIED**.

2. Defendant Armor Correctional Health Care, Inc. shall file an answer within **TWENTY-ONE (21) DAYS** from the date of this Order.

**DONE AND ORDERED** at Orlando, Florida, this 20 day of December, 2012.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 12/19
James E. Foster
Counsel of Record